UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLYDE BERNARD JOHNSON, II,**

   **Petitioner,**

v.   **CASE NO. 8:16-cv-1881-T-27MAP**
   **CRIM. CASE NO. 8:14-cr-177-T-27MAP**

**UNITED STATES OF AMERICA,**

   **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** are the Government's motion to dismiss (cv Dkt. 8) in which it argues that Petitioner's Section 2255 is time-barred, and Petitioner's opposition (cv Dkt. 9). Upon consideration, the motion to dismiss is GRANTED.

### PROCEDURAL BACKGROUND

Petitioner was charged by Information with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) and 2 (Count One), and discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two) (cr Dkt. 21). He pleaded guilty to both counts (cr Dkts. 28, 32, 54). On October 28, 2014, he was sentenced to a total of 144 months in prison; 24 months as to Count One, and 120 months as to Count Two, consecutive to Count One (cr Dkts. 41, 54). He did not appeal.

### DISCUSSION

The AEDPA established a limitation period for Section 2255 motions: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . the date on which the judgment of conviction becomes final . . ." 28 U.S.C. § 2255(f)(1). Because

Petitioner's convictions were final in March 2015,[1] the limitations period expired in March 2016. His motion was filed in June 2016, more than two months after the limitations period expired. Accordingly, his motion to vacate is untimely under Section 2255(f)(1).

Petitioner relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), for a delayed limitation period under Section § 2255(f)(3) (see cv Dkt. 1, docket p. 12).[2] Section 2255(f)(3) begins the limitation period on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . ."

*Johnson* held that the "residual clause" of the Armed Career Criminal Act (ACCA), *see* 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.[3] Notwithstanding, Petitioner was not sentenced under the ACCA. His consecutive sentence on Count Two was mandated by Section 924(c) for discharging a firearm.[4] *Johnson*, therefore, is inapplicable to his sentence. Accordingly, he is not entitled to the benefit of § 2255(f)(3)'s commencement date. *See, e.g., Bell v. United States*, 2017 U.S. Dist. LEXIS 38739, at *7 (M.D. Ala. Mar. 16, 2017) ("Because *Alleyne* [*v. United States*, 133 S.Ct. 2151

---

[1] Because Petitioner did not file a direct appeal, his convictions became final fourteen days after the Amended Judgment was entered on February 18, 2015 (see cr Dkt. 54), when the time to appeal expired. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the... entry of either the judgment or the order being appealed.").

[2] In his reply, Petitioner appears to assert that § 2255(f)(4) applies (cv Dkt. 9, docket p. 2). That subsection grants an additional one year to file a § 2255 motion from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner, however, makes no argument in support of this assertion, and he alleges no new facts that give rise to his claim. Rather, he alleges a change in the law. Accordingly, § 2254(f)(4) is inapplicable.

[3] The ACCA's "residual clause" defines a crime constituting a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[4] Section 924(c)(1)(A) mandates a ten-year consecutive term of imprisonment for discharging a firearm in furtherance of a "crime of violence." See 18 U.S.C. § 924(c)(1)(A)(iii).

(2013)] is inapplicable to Bell's sentence, § 2255(f)(3) does not apply to his claim under *Alleyne*, and Bell cannot rely on *Alleyne* to make his § 2255 motion timely under §2255(f)(3).").

Petitioner argues that *Johnson* extends to his conviction because § 924(c)'s "residual clause" is similarly worded to the ACCA's "residual clause." His argument is without merit because neither the Supreme Court nor the Eleventh Circuit Court of Appeals "has extended *Johnson*'s § 924(e) residual clause ruling to conclude that the § 924(c)(3)(B) residual clause is unconstitutionally vague." *United States v. Langston*, 662 Fed. Appx. 787, 794 (11th Cir. 2016) (unpublished).

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (cv Dkt. 1) is **DISMISSED** as time-barred. The **Clerk** is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY

Petitioner has no right to appeal the dismissal of his motion. 28 U.S.C. § 2253(c)(1). Rather, a certificate of appealability (COA) must first issue. Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make that showing, he must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). He cannot make that showing. Since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** on March ___27___, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to: Petitioner *pro se*
Counsel of Record